(163 App. Div. 76)

HALFMOON BRIDGE CO. v. CANAL BOARD et al.

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

1. INJUNCTION (§ 163*)—VACATION—GROUNDS.
An injunction, restraining the state from interfering with a toll bridge close to an aqueduct carrying the bridge canal across a river, except to construct a new bridge as required by the bridge canal act, must be vacated on the state condemning the bridge and the franchise of the corporation owning it, as authorized by a subsequent statute; for, though the statute should be adjudged unconstitutional, the owner of the bridge has adequate remedy against the state for any damage suffered through any illegal act of the state.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371; Dec. Dig. § 163.*]

2. PLEADING (§ 276*)—SUPPLEMENTAL ANSWER—CONDITION.
A defendant, seeking permission to serve a supplemental answer, should ordinarily be required to pay only all the costs of the action up to date.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 835; Dec. Dig. § 276.*]

3. PLEADING (§ 276*)—SUPPLEMENTAL ANSWER—CONDITION.
Where a suit by an owner of a toll bridge to enjoin the state from interfering therewith except to construct a new bridge required by the canal act had progressed practically to the point of a decision favorable to plaintiff, who had incurred large expenses, the state's motion for leave to set up a supplemental answer, showing a condemnation of the bridge and the franchise of the owner, should be granted on condition of payment only of the costs incurred by plaintiff, in the absence of a showing justifying extra allowance of costs.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 835; Dec. Dig. § 276.*]

Howard, J., dissenting.

Appeal from Special Term, Saratoga County.

Action by the Halfmoon Bridge Company against the Canal Board and others. From so much of an order as imposes on defendants the conditions that they shall pay to plaintiff all taxable costs and disbursements of plaintiff to date and an extra allowance, and that they shall waive the right to the costs against plaintiff prior to the date of the order, and from so much of the order as denied a motion to serve an answer in case the costs and allowances are not paid within 30 days, and from so much of the order as denied the motion to vacate an injunction, defendants appeal. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas Carmody, Atty. Gen., for appellants.
Thomas O'Connor, of Waterford, for respondent.

SMITH, P. J.   In 157 App. Div. 183, 141 N. Y. Supp. 865, the opinion of this court is reported, wherein this court reversed an order setting aside the temporary injunction herein. In that opinion are stated most of the facts necessary for a determination of this appeal. Upon that appeal this court held in effect that the state had no power

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to condemn the plaintiff's bridge and franchise, but that upon a reading of the entire act it was contemplated that all bridges, the destruction of which was rendered necessary by the building of the canal, should be rebuilt, presumptively for the benefit of the bridge owners. This construction of the statute, if upheld, assured the plaintiff of some relief in the action. Thereafter, and in September, 1913, an act was passed which purported to authorize the state to condemn this bridge and the franchise of the corporation owning the same. Later in the same year the necessary preliminary steps were taken, and the state now claims to have condemned the plaintiff's rights in said bridge, and seeks by the motion made in the court below to be allowed to set up these facts in a supplemental answer. Another motion had been made by the defendants prior to the making of this motion, and returnable at the same time, to vacate the injunction herein upon the same ground. These two motions were argued together, and one order entered, denying the motion to vacate the injunction, and allowing the defendants to serve the supplemental answer proposed upon five conditions: First, the payment of all costs and an additional allowance of $1,500; Second, the permission to either party to offer evidence; third, the denial of leave to serve the answer in case the costs and allowances are not paid; fourth, the waiver by defendants of all costs already accrued; fifth, the grant to the plaintiff of permission to discontinue without costs after a compliance with these conditions.

[1] In my opinion, for the purposes of this argument, the constitutionality of the act of 1913 must be assumed. By such assumption the plaintiff is deprived of no material right. If the assumption should prove erroneous, the plaintiff has full remedy against the state for any damage suffered through any illegal act of the state. With this assumption, then, and with the fact established that the state has taken the necessary acts to appropriate the rights of the plaintiff in this bridge, there is no apparent reason why this injunction should continue, and the order should, I think, be modified so as to vacate the same.

[2, 3] The terms imposed on the granting of the permission to serve the supplemental answer should also be somewhat modified. The defendants should, of course, pay all the costs of the action up to date. Such are the ordinary terms imposed upon the service of a supplemental answer, and I see no reason why this case should not come within the ordinary rule. If the case were one in which an extra allowance should be granted upon the granting of the judgment, it would be my opinion that a further condition might be made requiring the payment of such an extra allowance. The case had practically progressed to the point of a decision. The ruling of this court, as before indicated, assured the plaintiff of success. Large expenses had been incurred, and the case was undoubtedly a difficult and extraordinary one. Natural equity would require the court, in exercising its discretion, to grant the plaintiff to come in and change the entire issue by pleading an act passed since the commencement of the action, to indemnify the plaintiff by making it as a condition of such permission the payment of such costs as would probably follow the judgment if such permission were

not granted. But what facts here shown would justify a substantial extra allowance even upon a judgment? The state must confessedly build a new bridge if the property cannot be condemned. The value of the bridge is not in controversy. If a new bridge be built and the state has no right of condemnation, the plaintiff would own the bridge, which would be much to its advantage. If it should finally be determined that the state had a right of condemnation, the plaintiff obtains the full value of its bridge from the Court of Claims. The only amount in fact in controversy here in the light most favorable to plaintiff is the value of the use of the franchise from the time of the destruction of the old bridge until the building of the new. This does not appear to have been estimated in such a way that an extra allowance could be based upon it. Inasmuch as this is not a case in which a substantial extra allowance could have been granted, it would seem that it was improper for the Special Term to have required, as a condition of the permission to serve the amended answer, the payment of any extra allowance.

The order should therefore be amended: First, so as to vacate the injunction; second, so as to authorize the defendant to serve an amended answer upon the payment of the costs of the action up to date, within 30 days after the same should have been taxed by the clerk; third, with the right to plaintiff after such payment to discontinue without costs, if so advised. As so amended, the order should be affirmed, without costs to either party.

Order modified as per opinion, and, as modified, affirmed without costs to either party. All concur, except HOWARD, J., who votes for affirmance without modification.